UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI BROWN,

    Plaintiff,

v.                                         Case No. 8:16-cv-0003-T-AAS

NANCY W. BERRYHILL, Deputy
Commissioner for Operations, Social
Security Administration,[1]

    Defendant.
_____/

**ORDER**

Lori Brown's attorney, Jeanette A. Kelley, moves for an award of $28,444.50 in attorney's fees under 42 U.S.C. § 406(b).  (Doc. 28).

Local Rule 3.01(g) requires the party filing a non-dispositive motion to include in her motion a statement (1) certifying she conferred with opposing counsel and (2) stating whether opposing counsel agrees on the resolution of the motion.  If opposing counsel agrees with the relief sought in the moving party's motion, Local Rule 3.01(g) requires the moving party to include in the caption of the motion the word "unopposed," "agreed," or "stipulated."

In her motion, Attorney Kelley stated: "The Defendant did not have any objection to this motion."  (Doc. 23, p. 6).  Attorney Kelley failed to satisfy Local Rule

---

[1] Between the filing of this suit and the entry of this order, Nancy A. Berryhill replaced Carolyn W. Colvin and is "automatically substituted as a party."  Fed. R. Civ. P. 25(d).

1

3.01(g) because she failed to certify whether she sufficiently conferred with opposing counsel. Further, Attorney Kelley failed to include in her motion's title a word like "unopposed."[2]

Fourteen days passed since Attorney Kelley moved for attorney's fees. (Doc. 23). Under Local Rule 3.01(b), a party who opposes a motion has fourteen days to respond. The Commissioner submitted no response in opposition. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS. 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted). Therefore, the court treats Attorney Kelley's motion as unopposed due to the Commissioner's failure to respond.

Ms. Brown applied for disability insurance benefits, which was denied initially and upon reconsideration. (Tr. 30). Ms. Brown requested a hearing before an Administrative Law Judge ("ALJ"), who found Ms. Brown not disabled. (Tr. 30-43). The Appeals Council denied Ms. Brown's request for review of the ALJ's decision. (Tr. 10-15). Ms. Brown then filed a complaint in this court. (Doc. 1). The court reversed and remanded the ALJ's decision. (Doc. 24).

The Commissioner found Ms. Brown disabled on remand. Accordingly, the Social Security Administration (the "Administration") issued a Notice of Award. (Doc. 28-4). The Administration informed Ms. Brown it withheld $28,444.50 from her

---

[2] Attorney Kelley included "unopposed" in her motion's title in CM/ECF, but that fails to satisfy Local Rule 3.01(g).

past-due benefits to pay attorney's fees. *Id.* at p. 2. Attorney Kelley now requests the full $28,444.50 award under 42 U.S.C. § 406(b). (Doc. 28).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement (Doc. 28-3) and Attorney Kelley's itemizations of services rendered (Docs. 28-2, 3), an award of attorney's fees in the amount of $28,444.50 is appropriate. [3]

The court previously awarded Attorney Kelley $5,992.34 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 27). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Therefore, Kelley must refund the $5,992.34 attorney's fees award under the EAJA.

Under a separate fee agreement, Attorney Kelley could be awarded twenty-five percent of Ms. Brown's past-due benefits or $6,000.00 for work performed at the administrative level, whichever is lesser. (Doc. 28-1, p. 3). The combined fees under Sections 406(a) and 406(b) may not exceed twenty-five percent of past-due benefits.

---

[3] When the Commissioner fails to object to the amount of attorney's fees, the requested award is appropriate. *Perkins v. Astrue*, 532 F. Supp. 2d 1114, 1117 (M.D. Fla. June 11, 2009). Because, according to Attorney Kelley, the Commissioner does not object to Attorney Kelley's requested award of attorney's fees, her award is appropriate.

*Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)[4]; *see also Busby v. Comm'r of Soc. Sec.*, No. 3:14-CV-544-J-34PDB, 2016 WL 5339707 (M.D. Fla. July 13, 2016) (requiring the plaintiff's attorney to refund the plaintiff fees exceeding twenty-five percent of past-due benefits). Therefore, if Attorney Kelley receives attorney's fees under Section 406(a), she must refund that award to Ms. Brown.

Accordingly, the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED**, and Attorney Kelley is awarded $28,444.50 in attorney's fees. Attorney Kelley must refund Ms. Brown her attorney's fees award under the EAJA and any award she may receive under 42 U.S.C. Section 406(a).

**ORDERED** in Tampa, Florida on September 17, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[4] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).